**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                            :
MICHELE L. BODINE,          :
                            :    CIVIL ACTION NO. 10-2472 (MLC)
      Plaintiff,            :
                            :       MEMORANDUM OPINION
      v.                    :
                            :
FIRST NATIONAL COLLECTION   :
BUREAU, INC.,               :
                            :
      Defendant.            :
_____:
```

**Cooper, District Judge**

The plaintiff, Michele L. Bodine ("Plaintiff") brings this action alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § ("Section") 1692 et seq. ("FDCPA"). (Dkt. entry no. 1, Compl.)  The defendant, First National Collection Bureau, Inc. ("FNCB") now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Dkt. entry no. 7, Mot. for J. on the Pleadings.)  For the following reasons, the Court will grant the motion.

BACKGROUND

For purposes of addressing this motion only, the Court will accept the following allegations contained in the Amended Complaint as true, although it appears that the material facts are not in dispute.  See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004).

FNCB mailed Plaintiff a letter dated March 10, 2010 ("3-10-10 Letter"), stating that a delinquent debt of $1856.26 (the "debt") had been assigned to it for collection. (Compl. at ¶ 16

& Ex. A, 3-10-10 Letter.)  The 3-10-10 Letter indicated that the original creditor on the debt was Capital One, the current creditor was North Star Capital Acquisition LLC, and advised that unless Plaintiff notified FNCB within thirty days of receiving the letter that she disputed the validity of the debt, or any portion thereof, FNCB would assume that the debt was valid.  (3-10-10 Letter.)  It further advised that if Plaintiff did dispute the validity of the debt, or any portion thereof, by notifying FNCB "in writing within 30 days of receiving" the notice, it would "obtain verification of the debt . . . and mail [Plaintiff] a copy of such . . . verification."  (Id.)  It stated that if Plaintiff requested it within thirty days of receiving the letter, FNCB would provide her with the name and address of the original creditor, if different from the current creditor.  (Id.) The 3-10-10 Letter offered to settle the debt at a 50% discount of the total amount due, in the form of six payments of $154.69 each, to be paid monthly.  (Id.)

Plaintiff contacted FNCB by telephone to dispute the debt. (Compl. at ¶¶ 17-18.)  She contends that FNCB's "agent/employee [the "Employee"] failed to provide specific information regarding the underlying debt and referred only to the [3-10-10 Letter] during the same phone call."  (Id. at ¶ 18.)  She further alleges that this person "would not provide Plaintiff with more specific information about the amount owed," and that FNCB "failed to

2

provide documentation to support its claim for the amount of the underlying debt within the time specified by FDCPA and failed to acknowledge Plaintiff's dispute regarding the amount allegedly owed." (Id. at ¶¶ 20-21.) She "believes, and therefore avers," that Defendant did not have proof (1) that Plaintiff owed the debt, prior to attempting to collect it; (2) of the dates and amounts of purchases, or the items allegedly purchased, with regard to the debt being collected; and (3) that Plaintiff was liable for the debt. (Id. at ¶¶ 22-24.)

Plaintiff contends that because the debt at issue "is more than six (6) years old," being "a Capital One account that is over eight (8) years old," it is "stale under New Jersey law." (Id. at ¶¶ 14, 26.) She alleges that FNCB's attempt to collect the debt violated the FDCPA insofar as it was

    a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse in violation of 15 U.S.C. § 1692d;

    b)   Making deceptive, false or misleading representations when attempting to collect a debt, in violation of 15 U.S.C. § 1692e;

    c)   Misrepresenting the amount of the debt, in violation of 15 U.S.C. § 1692e(2);

    d)   Using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

    e)   Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

3

        f)     [Collecting] amounts expressly not permitted by
            law in violation of 15 U.S.C. § 1692f(1).

(Id. at ¶ 30.)  Plaintiff does not contend that she ever
submitted a written dispute seeking verification of the debt to
FNCB.  Nor does she contend that the Employee did anything other
than "fail[] to provide specific information regarding the . . .
debt" and refer to the 3-10-10 Letter during the course of the
phone call.  (Id. at ¶¶ 18-20.)

**DISCUSSION**

    The facts alleged in the Complaint set forth two theories on
which Plaintiff seeks to hold FNCB liable under the FDCPA:  (1)
because the debt was barred from judicial enforcement by the
statute of limitations, FNCB's attempt to collect it, as set
forth in the 3-10-10 Letter, misrepresented the legal status of
the debt, and (2) her oral dispute of the debt required FNCB to
verify the debt to her over the phone.  (Dkt. entry no. 11, Pl.
Br. at 7-8, 11-12.)[1]

---

    [1] Plaintiff contends in her brief that the fact that the 3-
10-10 Letter states a sum certain, $1856.26, as the "Total Due,"
constitutes a violation of the FDCPA because the 3-10-10 Letter
did not state when the balance was due or distinguish between
principal and interest, thereby somehow "falsely representing the
amount of the debt."  (Pl. Br. at 13-14.)  Because Plaintiff did
not indicate anywhere in the Complaint that she was pursuing such
a theory, raising it for the first time in her brief, the Court
will not address this argument, except to note that all the FDCPA
requires is that a written notice of a debt contain "the amount
of the debt," 15 U.S.C. § 1692g(a)(1), and the 3-10-10 Letter
does this, while also offering to settle the debt on a payment
plan providing a 50% discount from the total due, such that the
"least sophisticated" debtor would have no reason to be concerned

4

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) on the grounds that Plaintiff has failed to state a cognizable claim under the FDCPA because (1) a debt that is "beyond the statute of limitations" for judicial remedies is still a valid debt obligation that can be collected, (2) the FDCPA requires that a request for verification of a debt must be made in writing, and (3) the telephone call between Plaintiff and FNCB's employee did not violate the FDCPA in any way.  (Dkt. entry no. 7, Def. Br. at 6, 8, 11.)

## I.    Rule 12(c) Standard

Rule 12(c) provides that a party may move for judgment on the pleadings.  The movant under Rule 12(c) must show clearly that no material issue of fact exists and that it is entitled to judgment as a matter of law.  Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  In

---

about interest charges that might accrue but rather could properly believe that the debt could be satisfied by paying less than the amount indicated as the "total due."  Cf. Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *6 (D.N.J. July 23, 2008) (finding that plaintiff stated a claim for violation of §1692g(a)(1) where notice letter did "not identify the date as of which the unpaid accrued interest was calculated" or specify "whether interest will continue to accrue on the unpaid principal balance," because hypothetical person could believe he could pay his debt in full by remitting the sum of the principal and interest stated in the notice any time after receiving the notice, but such belief "would be incorrect because the total amount of the debt was and is subject to periodic adjustment" by debt collector).

reviewing a Rule 12(c) motion, the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the nonmovant.  Id.

## II.  The FDCPA

The FDCPA was enacted to curb "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  It creates a private cause of action against debt collectors who violate its provisions.  Id. § 1692k.  Collection letters and notices are evaluated for compliance with the FDCPA from the perspective of the "least sophisticated debtor."  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  The question of whether a collection letter or notice violates the provisions of the FDCPA is a question of law to be determined by the Court.  Id. at 553 & n.2.

The FDCPA requires a debt collector to include the following information in a collection letter or notice to a consumer:

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed;

(3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

6

verification or judgment will be mailed to the
consumer by the debt collector; and

(5)   a statement that, upon the consumer's written
request within the thirty-day period, the debt
collector will provide the consumer with the name
and address of the original creditor, if different
from the current creditor.

15 U.S.C. § 1692g(a).  It is the law of this Circuit that "a
dispute, to be effective, must be in writing."  Graziano v.
Harrison, 950 F.2d 107, 112 (3d Cir. 1991).

The FDCPA prohibits a debt collector from using "false,
deceptive, or misleading representation[s] or means in connection
with the collection of any debt," including making false
representations of "the character, amount, or legal status of any
debt" and the "use of any false representation or deceptive means
to collect or attempt to collect any debt or to obtain
information concerning a consumer."  15 U.S.C. § 1692e(2)(A),
(10).  Further, a "debt collector may not use unfair or
unconscionable means to collect or attempt to collect any debt,"
such means including "[t]he collection of any amount . . . unless
such amount is . . . permitted by law."  Id. § 1692f(1).  Debt
collectors "may not engage in any conduct the natural consequence
of which is to harass, oppress, or abuse any person in connection
with the collection of a debt," such as threatening violence or
using obscene or profane language or repeatedly calling the
consumer.  Id. § 1692d.

7

## III. Analysis of Plaintiff's FDCPA Claim

### A.  Time-Barred Debts are Amenable to Collection Attempts

Plaintiff contends that the debt is over six years old, and therefore "stale under New Jersey law."  (Compl. at ¶ 26.)  She argues that FNCB, by seeking "to collect a time-barred debt from Plaintiff without disclosure that the debt was time-barred," violated Sections 1692d, 1692e, 1692e(2), 1692f, and 1692f(1). (Pl. Br. at 3, 6, 14, 18, 19.)

Plaintiff cannot recover under any of these provisions of the FDCPA on the basis of FNCB's attempt to collect on the debt, even accepting as true, as we must at this juncture, Plaintiff's assertion that the debt is over six years old.  The applicable statute of limitations, on which Plaintiff bases her theory that such collection attempt was unlawful, states that "[e]very action at law for . . . recovery upon a contractual claim or liability, express or implied . . . shall be commenced within 6 years after the cause of any such action shall have accrued."  See N.J.S.A. § 2A:14-1.[2]  In this district, "a debt is not extinguished by virtue of the running of the statute of limitations; rather, the statute merely operates to prevent judicial enforcement." Huertas v. Galaxy Asset Mgmt., No. 09-2604, 2010 WL 936450, at *3 (D.N.J. Mar. 9, 2010); see also Green v. NCO Inovision, No. 09-

_____

[2] Although Plaintiff does not cite the applicable statute of limitations in either the Complaint or her brief, neither does she dispute the applicability of N.J.S.A. § 2A:14-1.

8

410, 2010 WL 147934, at *3 (D.N.J. Jan. 11, 2010) (stating that
"it is well settled" that an attempt to collect a debt for which
the six year statute of limitations had expired "does not violate
the FDCPA").  "While a statute of limitations may bar the use of
judicial remedies to enforce a particular right, it does not
eliminate the underlying right."  Id. (citing Davis v. Mills, 194
U.S. 451, 456 (1904)).  Nothing in the pleadings suggests that
FNCB attempted or threatened to commence an action to recover the
debt, and thus the issue of the statute of limitations is
irrelevant and cannot form the basis for liability of FNCB under
the FDCPA.  See Huertas, 2010 WL 936450, at *4 ("Because the debt
is not extinguished by operation of the statute of limitations,
the debt-collector defendants' attempts to collect the debt do
not constitute a false representation."); see also Martsolf v.
JBC Legal Grp., P.C., No. 04-1346, 2008 WL 275719, at *4 (M.D.
Pa. Jan. 30, 2008) ("[A] debt collector may request voluntary
repayment of the debt but may not threaten suit based upon it.").

　　　As "no cause of action for attempting to collect an expired
debt" exists, we find that FNCB has shown that it is entitled to
judgment in its favor insofar as the Complaint asserts violations
of the FDCPA based on FNCB's alleged attempt to collect a "stale"
debt.  Green, 2010 WL 147934, at *3.

**B.    Debt Verification Requests Must Be in Writing**

Much of the "Factual Allegations" section of the Complaint focuses on the allegation that Plaintiff "contacted Defendant to dispute the debt," and during this telephone call, the Employee "failed to provide specific information regarding the underlying debt and referred only to the" 3-10-10 Letter and the fact that it offered Plaintiff an opportunity to pay a reduced amount. (Compl. at ¶¶ 17-21.)  Plaintiff acknowledges that she did not request verification of the debt in writing, but submits that her "oral dispute was proper under § 1692g" and "clearly forms the basis of an FDCPA violation."  (Pl. Br. at 11.)

Any claim that FNCB violated the FDCPA by "failing to provide documentation . . . within the time specified by the FDCPA" or failing to "acknowledge Plaintiff's dispute regarding the amount allegedly owed" fails.  (Compl. at ¶ 21.)  As noted above, in the Third Circuit, any dispute to a debt sought to be collected in a debt collection notice must be in writing. <u>Graziano</u>, 950 F.2d at 112.  Cases to the contrary cited by Plaintiff are unpersuasive, and this Court is bound by the holding of <u>Graziano</u>.  We find that, on its face, the 3-10-10 Letter complies in all respects with the requirements of Section 1692g(a) and in fact tracks the language therein.  Therefore, we conclude that FNCB has shown that it is entitled to judgment in

10

its favor insofar as the Complaint asserts FDCPA violations based
on an alleged failure to verify the debt to Plaintiff.

    **C.**    **Phone Contact Between Plaintiff and Employee Did Not Violate FDCPA**

Insofar as the Complaint can be read to assert a violation
of the FDCPA based on the telephone conversation between
Plaintiff and Employee, it must be dismissed.  While the FDCPA
prohibits harassment and abuse of consumers by debt collectors,
and forbids debt collectors from using false or misleading
representations or unfair or unconscionable means to attempt to
collect a debt, Plaintiff has alleged no facts that Employee said
anything to her other than (1) declining to "provide specific
information" about the debt over the phone, (2) repeating the
information in the 3-10-10 Letter, and (3) stating, as consistent
with the 3-10-10 Letter, that Plaintiff "could pay a reduced
amount."  (Compl. at ¶¶ 18-20.)  Plaintiff offers no factual
support whatsoever for her assertion that Employee's conduct
violated the FDCPA by reason of being harassing, oppressive,
false, misleading, unfair, or unconscionable; instead, she
appears to rest on the fact that the debt is judicially
unenforceable by reason of the statute of limitations having
expired.  As discussed above, FNCB's attempt to collect the
"stale" debt was not prohibited under the FDCPA.  Finding no
basis whatsoever in the Complaint for any FDCPA violation based
on the telephonic encounter between Employee and Plaintiff, we

conclude that FNCB has shown that it is entitled to judgment in its favor insofar as the Complaint asserts the same.

## CONCLUSION

The Court concludes that Plaintiff have failed to state a claim against FNCB for FDCPA violations because the 3-10-10 Letter complied with the requirements of Section 1692g(a), Plaintiff did not request verification in writing, the debt remained amenable to collection under the FDCPA notwithstanding the alleged expiration of the statute of limitations, and no FDCPA violation occurred in the context of the telephone conversation between Employee and Plaintiff.  Plainly put, based on the facts as alleged in the Complaint, there were no false, deceptive, or misleading representations; abusive or harassing conduct; or unfair or unconscionable means used in FNCB's collection attempt.  The Court will enter judgment in favor of FNCB on the Complaint in its entirety.  The Court will issue an appropriate order and judgment.


                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

Dated:     December 13, 2010